UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KELVIN JEROME FIELDS,  )
                       )
    Plaintiff,         )
                       )
v.                     )    CV417-129
                       )
JOHN T. WILCHER, *Sheriff*, *et al*.,  )
                       )
    Defendants.        )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Kelvin Jerome Fields brings this 42 U.S.C. § 1983 action against Sheriff John T. Wilcher, Det. James Hutcherson, Attorneys Dennis O'Brien and June Fogle, and District Attorney Meg Heap.[1] The Court now screens his Complaint under 28 U.S.C. § 1915A.[2]

---

[1] Plaintiff filed an "amended complaint" adding "district attorney Meg Head" as a "material witness/defendant." Doc. 7 at 3. Ms. Heap is the District Attorney of Chatham County.

[2] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Therefore, the Court

## I. BACKGROUND[3]

Kelvin Fields is detained at Chatham County Jail for felony sale of a controlled substance in violation of O.G.C.A. § 16-13-30. *See* doc. 1 at 4, 9-14 (three arrest warrants for sales of crack cocaine); *State of Georgia v. Fields*, CR16-2514 (Chatham Super. Ct.) (three counts for sale of a controlled substance remain pending with no trial date set and a plea of not guilty entered). He contends the arrest warrants were invalidly executed and unsupported by "physical evidence," that his continued detention is unconstitutional, and that he is being held on a "misdemeanor offense" long in excess of the maximum one-year punishment for such an offense. Doc. 1 at 7, 15-16. His state habeas action challenging the state prosecution was recently dismissed because his underlying criminal action remains pending. *See Fields v. Wilcher*, SPCV17-00692-AB (Chatham Super. Ct.) (dismissed on July 13, 2017).

---

examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[3] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## II. ANALYSIS

Liberally construed, plaintiff's Complaint alleges malicious prosecution. *See Whiting v. Taylor*, 85 F.3d 581, 585 & n. 5 (11th Cir. 1996) (unreasonable seizure claims, including those based on arrests pursuant to deficient warrants, are "most closely analogous" to malicious prosecution claims); *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process."); *see also Kelly v. Curtis*, 21 F.3d 1544, 1553-54 (11th Cir. 1994) (treating as malicious prosecution claim an allegation that detectives should have known that affidavit for arrest warrant failed to establish probable cause). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And there is no allegation that the Chatham County criminal case, CR-16-2514, has been resolved in his favor. *See* doc. 1. Indeed, at the time he filed his complaint Fields' state criminal case was and apparently is still pending. *See* attached (case status

"open"). He therefore cannot bring suit challenging the wrongful issuance of legal process (his arrest warrant) until that prosecution is terminated in his favor or his conviction is overturned.[4]

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v.*

---

[4] In the event that such state court criminal proceeding has been finalized into a conviction, Fields would now be complaining of defects that necessarily imply its invalidation. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

*Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's malicious prosecution claim is dead on arrival, and does not appear amendable.[5]

## III. CONCLUSION

Accordingly, Kelvin Jerome Fields' Complaint should be **DISMISSED without prejudice**. Meanwhile, it is time for Fields to pay his filing fee. His PLRA paperwork reflects $0 in current balance, with an indigent fund debt of $56.20 and medical charges debt of $40. Doc. 3. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as

---

[5] Despite the lack of any apparent basis for viable amendment, Fields' opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  22nd  day of August, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## Case Information

CR162514 | State of Georgia vs. KEVIN JEROME FIELDS

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| CR162514 | J3 | Karpf, Michael L. |
| File Date | Case Type | Case Status |
| 12/27/2016 | Other Felony Division | Open |

## Party

**Plaintiff**
State of Georgia

Active Attorneys ▾
Lead Attorney
Dixon, Margaret Sumrall

**Defendant**
Fields, Kevin Jerome

DOB
XX/XX/XXXX

Active Attorneys ▾
Lead Attorney
Cail, Jr., Kenneth H
Retained

Work Phone
000-232-4316

## Charge

Charges
Fields, Kevin Jerome

|   | Description | Statute | Level | Date |
|---|---|---|---|---|
| 1 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |
| 2 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |
| 3 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |

## Events and Hearings

12/22/2016 Memorandum ▼

Comment
Notes: DISMISSAL OF NWR/SP

12/27/2016 Accusation Filed - Entered ▼

Comment
Notes: MOTION FOR BOND & NOTICE OF APPEARANCE FILED BY D OBRIEN

12/29/2016 Screening ▼

Comment
Notes: Initial Case Screening / Scanning

01/03/2017 Memorandum ▼

Comment
Notes: DISMISSAL OF UNINDICTED CHARGE

01/26/2017 Order - Bond Order ▼

Comment
Notes: GRANTED/

02/28/2017 Calendar Call ▼

Original Type
Calendar Call

Judicial Officer
Karpf, Michael L.

Hearing Time
01:30 PM

Result
Reschedule Event

Comment

02/28/2017 Motion - Omnibus Discovery And Inspection ▼

Comment

02/28/2017 Calendar Call ▼

Comment

02/28/2017 Calendar Call ▼

Comment
Notices Printed FIELDS, KEVIN JEROME D

02/28/2017 Calendar Call ▼

Comment
Notices Printed OBRIEN JR, DENNIS A A

03/02/2017 Letter - Pro Se Letter Received And Clerks Response ▼

Comment

04/11/2017 Pretrial Hearing ▼

Original Type
Pretrial Hearing

Judicial Officer
Karpf, Michael L.

Hearing Time
02:30 PM

Result
Reschedule Event

Comment

04/11/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment

04/11/2017 Hearing - Arraignment Pretrial Hearing ▼

    Comment
    Notices Printed FIELDS, KEVIN JEROME D

04/11/2017 Hearing - Arraignment Pretrial Hearing ▾

    Comment
    Notices Printed OBRIEN JR, DENNIS A A

04/12/2017 Pretrial Hearing ▾

Judicial Officer
Karpf, Michael L.

Hearing Time
02:30 PM

Comment
Details: |Rescheduled from 4/11/2017 at 1430 DK17030202

04/12/2017 Hearing - Arraignment Pretrial Hearing ▾

    Comment
    Notices Printed OBRIEN JR, DENNIS A A

04/12/2017 Hearing - Arraignment Pretrial Hearing ▾

    Comment
    Court: SUP Notes: |Rescheduled from 4/11/2017 at 1430 DK17030202

04/13/2017 Plea - Of Not Guilty ▾

    Comment

05/02/2017 Letter - Pro Se Received ▾

    Comment

05/16/2017 Letter - Pro Se Received ▾

    Comment

05/19/2017 Letter - Pro Se Received ▾

    Comment

05/31/2017 Letter - Pro Se Received ▾

    Comment

10/05/2017 Scheduling Conference ▾

Judicial Officer
Karpf, Michael L.

Hearing Time
1:30 PM

10/05/2017 Scheduling Conference ▼

Comment

10/05/2017 Scheduling Conference ▼

Comment
Notices Printed CAIL, Jr., KENNETH H A

10/05/2017 Scheduling Conference ▼

Comment
Notices Printed OBRIEN JR, DENNIS A A